IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-02195-BNB

JASON R. SCOTT,

JAN 1 4 2011

Plaintiff,

GREGORY C. LANGHAM
CLERK

v.

SHERIFF TERRY MAKETA,
LT. G. HEINLE, #90022, and
COMM. W. MISTRETTA, #74001,

Defendants.

_____

ORDER DENYING MOTION TO RECONSIDER

_____

Plaintiff, Jason R. Scott, a state prisoner who is in the custody of the Colorado

Department of Corrections (DOC), filed a *pro se* motion on January 10, 2011, titled

"Motion to Reconsider and Rescind Order for Dismissal."  The Court must construe the

motion liberally because Mr. Scott is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The

Motion to Reconsider will be denied for the reasons set forth below.

A litigant subject to an adverse judgment and who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to reconsider filed more than twenty-eight days after the final

judgment in an action should be considered pursuant to Rule 60(b).  *See id.* at 1243.

Mr. Scott's Motion to Reconsider, which was filed more than twenty-eight days after the

Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Therefore, parties may not use a Rule 60(b) motion as a tool to rehash previously presented arguments already considered and rejected by the Court, nor can it be used to present new arguments based on law or facts that existed at the time of the original argument. *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for appeal." *Bud Brooks Trucking Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Scott fails to demonstrate that any grounds justifying reconsideration exist in his case.

On September 8, 2010, Magistrate Judge Boyd N. Boland granted Mr. Scott leave to proceed pursuant to 28 U.S.C. § 1915. The December 30 Order required Mr. Scott to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $17.00 within thirty days or to show cause why he had no assets and no means to pay the initial fee by filing a current certified copy of his trust fund account statement. The Order warned Mr. Scott that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he had no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

2

On October 18, 2010, the Court entered an order dismissing Mr. Scott's complaint without prejudice for failure either to pay the initial partial fee of $17.00 or to show cause why he had no assets and no means to pay the initial fee.

In Mr. Scott's Motion to Reconsider, he argues that he was unable to pay the initial partial filing fee in a timely manner because starting on September 16, 2010, he was transferred to two different facilities, and the DOC officials failed to process his request for a money order properly. Mr. Scott has also attached a DOC Request for Money Order to the Motion to Reconsider. The money order request is for $17.00 and is marked as received by the DOC on October 19, 2010. It is not clear what occurred with Mr. Scott's money order, or whether it was ever processed by the DOC. However, the Court did not receive the $17.00 filing fee, and the Court's records demonstrate that no money was returned to Mr. Scott. Further, the Court notes that October 19, 2010, is eleven days past October 8, 2010, the date that the initial partial filing fee was due to the Court. Therefore, without additional documentation, Mr. Scott fails to support his claim that he timely filed a request for a money order which was improperly handled by prison officials.

Moreover, Mr. Scott also asserts that he received September 8, 2010, Order that granted him leave to proceed in forma pauperis, and it is clear that Mr. Scott was aware that the $17.00 filing fee was due within thirty days. Mr. Scott does not explain his failure to contact the Court and request additional time to pay the initial partial filing fee. Indeed, Mr. Scott failed to file any motions for extensions of time or communicate with the Court at all until January 10, 2011, long after this action was dismissed. Finally, the fact that Mr. Scott was transferred to a different prison facility does not excuse his

failure to either notify the Court, pay the initial partial fee, or show cause within the relevant deadline.

Therefore, Mr. Scott has not demonstrated any extraordinary circumstances that would justify relief under Rule 60(b), and the Motion to Reconsider will be denied. **See Massengale**, 30 F.3d at 1330.

Mr. Scott is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion to Reconsider and Rescind Order for Dismissal," filed on January 10, 2011, (Doc. # 9) is denied.

DATED at Denver, Colorado, this __14th__ day of ___January_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02195-BNB

Jason R. Scott
Prisoner No.  119250
Ft Lyon Correctional Facility
PO Box 1000
Ft Lyon, CO 81038


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 14, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
              Deputy Clerk